# MICHAEL A. ARMSTRONG & ASSOCIATES, LLC

Counselors at Law
79 MAINBRIDGE LANE
WILLINGBORO, NEW JERSEY 08046

---

MICHAEL A. ARMSTRONG✦
Email: maa@armstronglawfirm.com

CRISTAL M. HOLMES-BOWIE
Email: chb@armstronglawfirm.com

MORRISON KENT FAIRBAIRN+
Email: mkf@armstronglawfirm.com

EVAN A. ARMSTRONG
Email: eaa@armstronglawfirm.com

TELEPHONE:  (609) 877-5511
FACSIMILE:   (609) 877-7755

✦MEMBER NJ, NY & GA BARS

+MEMBER NJ & PA BARS



February 7, 2025

**VIA ELECTRONIC COURT FILING**
Hon. Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

      **RE:**    **Letter Filed by Plaintiff on 1/24/25 Seeking Injunctive Relief**
             **Durham v. Warren, et al.**
             **Docket No.: 3:20-cv-05584-RK-TJB**

Dear Judge Bongiovanni:

      I represent Defendants New Jersey Department of Corrections, Steven Johnson, Stephen D'llio, Charles Warren, Amy Emrich, Troy Black, Janice Brown, Raphael Dolce, Gerald Doran, Orlando Gil, Paul Lewis, Phillip Mandap, Mark Tynan, Andrew Salmon, Johann Hintz, Derrick Smith, Lonnie Wiggins and Jason Handy regarding the above-referenced matter. On January 24, 2024, Plaintiff, Milton Durham, appearing pro se, filed a letter seeking injunctive relief requiring that he be provided access to the prison law library at least two days per week for a minimum of one hour each time. Based on the relief sought by Plaintiff, it appears that he is requesting injunctive relief and my reply will address it as such accordingly.

      Plaintiff's request is improper as filed and does not meet the requirements of L. Civ. Rule 65.1(a) which provides:

> Any party may apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue, upon the filing of a verified complaint or verified counterclaim or by affidavit or other document complying with 28 U.S.C. § 1746 during the pendency of the action. **No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit, other document complying with 28 U.S.C. § 1746 or verified pleading of good and sufficient reasons** why a procedure other than by notice of motion is necessary. An order to show cause which is issued at the beginning of the action may not, however, serve as a substitute for a summons which shall issue in accordance with Fed. R. Civ. P. 4. The order to show cause may include temporary restraints only under the conditions set forth in Fed. R. Civ. P. 65(b).

*Id.* (emphasis supplied).

Additionally, *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604 (3rd Cir. 2024), highlights that:

> A court weighing a preliminary injunction must consider four guideposts: (1) the movants' likelihood of success on the merits; (2) the risk that the movants will suffer irreparable harm absent preliminary relief; (3) the balance of equities; and (4) the public interest. The first two factors are the most critical. If both are present, the court then considers the others.

*Id.* at 609 (internal citations omitted). Accordingly, for an incarcerated person to sustain his burden of proof for a preliminary injunction under Fed. R. Civ. P. 65, the movant must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998). Where the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original) (quoting *Morton v. Beyer*, 822 F.2d 364 (3d Cir. 1987)).

Limitations on the power of courts to enter injunctive relief in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety, or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A); *see also* 18 U.S.C.A. § 3626(a)(2).

Further, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotation marks omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

Here, Plaintiff has unquestionably failed to make a clear and specific showing that he is entitled to the injunctive relief sought. Plaintiff's letter simply states that he is requesting a Court Order mandating that he be awarded the ability to utilize the prison law library at least twice a week for an hour each time. (ECF 66). Plaintiff does not point to any authority that confirms that he is entitled to such relief. Plaintiff alleges that a request to utilize the law library that he submitted in November 2024 was delayed. (*Id.*) Further, Plaintiff alleges that when his request to utilize the law library was granted, it was scheduled at an early hour only for forty-five (45) minutes instead of one (1) hour. (*Id.*) These allegations are not enough to meet the heavy burden required for the Court to award Plaintiff the injunctive relief sought.

Further, federal courts have repeatedly denied requests from incarcerated persons seeking law library time because the constitution protects access to courts, but not specific hours or days of law library access. For instance, Plaintiff has no specific right to a computer or word processor for legal work, nor does Plaintiff enjoy a right to submit typewritten pleadings. *Rivera v. Monko*, 37 F. 4th 909 (3d Cir. 2022); *see also Thomas v. Olander*, 877 F. Supp. 242 (E.D. Pa. 1995). Rather, the right of access to courts "requires prison officials to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).

Additionally, the test for preliminary injunction weighs in favor of denying Plaintiff's motion. As discussed above, Plaintiff does not have a right to obtain the specific law library hours he requests, and so the likelihood of success weighs against granting the motion. Plaintiff does not show irreparable harm – indeed, he has participated in this suit and submitted letters and correspondence to the court. Next, the balance of equities favor denying the motion: Plaintiff's proposed injunction would cause greater harm to the Defendants because it would require the Court to take the authority of the prison regarding the administration of institutional law libraries and require the court to take management of day-to-day operations of the prison systems. Courts have historically sought to avoid such entanglement. *See, e.g., Olin v. Wakinekona*, 461 U.S. 238, 251 (1983); *Jerry v. Williamson*, 211 Fed.App'x 110, 112 (3d Cir. 2006).

Plaintiff has not provided sufficient evidence and support confirming that he is likely to succeed on the merits or that he will suffer irreparable harm without the preliminary relief requested, and therefore, it is respectfully submitted that Plaintiff's request should be denied.

Respectfully submitted,

*s/Michael A. Armstrong*

Michael A. Armstrong

MAA/eaa
Cc:   Milton Durham (Via regular mail)